BURANT, Respondent, vs. STUDZINSKI and another, Appellants.

*October 12, 1938—March 7, 1939.*

For the appellants there were briefs by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell.*

For the respondent there were briefs by *Martens & Meleski* of Stevens Point, and oral argument by *John A. Meleski.*

The following opinion was filed November 9, 1938:

FRITZ, J. The injuries for which plaintiff seeks to recover were sustained upon being struck by an automobile truck operated by the defendant Richard Studzinski. The accident occurred on the north half of a thirty-feet-wide public highway, on the south side of which there was a church at which the plaintiff, Richard Studzinski, and from five hundred to seven hundred other persons had attended services, which were concluded shortly prior to the accident. The highway extended to the east and west of the church, but connected with a highway only to the east. During the services many of the two hundred fifty automobiles of those who attended were parked in the highway at an angle to, and north and south of, the center roadway used for vehicular travel. There was a footpath in the highway, near a fence along the south line, but automobiles were parked so close to the fence as to block the path for pedestrians going eastward along the highway. Therefore, on leaving the entrance to the church, they had to walk north to the center of the highway, and then east on the roadway. In that manner the plaintiff, intending to go east and following about two hundred others, including Richard Studzinski, had walked northward from the church, and then fifty to seventy-five feet eastward, toward the place on the north half of the highway where

Richard Studzinski had parked the truck in question, facing south in the line of angle-parked automobiles north of the center roadway. Before the plaintiff reached that place, Studzinski and his mother and sister and a younger child had boarded and seated themselves in the truck. Many of the parked automobiles were moving toward and eastward on the roadway, but a car parked four to five feet west of the truck had not begun to move. Studzinski started the truck and as it moved southward three to six feet, the right side of the front bumper struck plaintiff's left leg and Studzinski stopped the truck within a foot beyond the place of the collision.

The jury found that the accident was caused (1) by negligence on the part of the plaintiff (a) "by stepping in front of the moving truck," and (b) "by not keeping a proper lookout;" that it was also caused (2) by negligence on the part of Richard Studzinski, by not keeping a proper lookout; but that (3) there was no negligence on his part by starting the truck forward when the plaintiff was in front of it. The jury further found that of the total causal negligence seventy-five per cent was attributable to Studzinski. On motions after verdict the court held that the jury's findings (1) that there was causal negligence on plaintiff's part in stepping in front of the moving truck, but (2) that there was no negligence on the part of Studzinski by starting the truck forward when plaintiff was in front of it, had no proper place in the verdict; and in that connection the court said that the finding that Studzinski was not negligent by starting the truck forward when plaintiff was in front of it was against the preponderance of the evidence. Thereupon the court (after also deciding that Barney Studzinski was liable for his son's negligence) ordered judgment against both of them for the recovery by plaintiff of seventy-five per cent of the damages assessed by the jury.

On this appeal the defendants contend that the plaintiff cannot recover herein because the causal negligence on his part was, as a matter of law, greater or at least equal to the negligence on the part of Richard Studzinski. In passing upon that contention it must be noted at the outset that the mere fact that the court considered the jury's finding, that there was no negligence on the part of Richard Studzinski by starting the truck forward when the plaintiff was in front of it, to be against the preponderance of the evidence did not warrant the court in disregarding or discarding that finding. If there was any credible evidence which reasonably admitted of inferences sufficient to sustain the finding, then what were the proper inferences to be drawn therefrom was for the jury, and its findings could not be disregarded by the court on the ground that it considered them to be against the preponderance of the evidence. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741. Although the court, in the exercise of its discretion, could have granted a new trial on that ground in connection with other circumstances, the findings as to no negligence on Studzinski's part by starting the truck, but that there was causal negligence on plaintiff's part by stepping in front of the moving truck, could not be discarded or disregarded by the court if there was credible evidence in support thereof, and the issues determined thereby were material.

A review of the record discloses that, although there was some conflict in the evidence on those issues, it did admit of the jury's believing that when the truck began to move forward the plaintiff was two feet to the west of it; that it was not until after the truck had begun to move forward that the plaintiff walked in front of it; and that it had moved five to six feet forward before it came into collision with the plaintiff, who then was still to the right of the center of the bumper which struck him. If the jury believed the facts to

be thus, and that therefore the plaintiff ought, in the exercise of ordinary care, to have appreciated that he would not clear the pathway of the truck in time to avoid a collision, then the jury was warranted in finding that there was causal negligence on his part in stepping in front of the moving truck, and that Richard Studzinski was not negligent by starting the truck forward when plaintiff was in front of it. The facts thus found were not of but an evidentiary character as to the relative positions or movements of the plaintiff and the truck immediately prior to or at the time of the impact. On the contrary, the findings in those respects determined the ultimate and material issues that there was causal negligence on the part of the plaintiff by stepping in front of the moving truck, and no negligence on the part of the driver by starting it forward when the plaintiff was in front of it. Consequently, those findings had a proper place in the verdict, and should have been taken into consideration by the court in passing upon the defendants' motion after verdict to change the jury's finding that seventy-five per cent of the total causal negligence was attributable to Studzinski to some figure less than fifty per cent, and to dismiss the complaint upon making that change of the verdict.

In reviewing the court's denial of that motion, and its approval of the jury's finding as to comparative negligence by ordering judgment for the plaintiff accordingly, it must be noted that the court did not change the jury's findings that there was causal negligence on the part of the plaintiff, as well as on the part of Richard Studzinski, in failing to keep a proper lookout, and that those findings are not questioned by any party on this appeal. As it, therefore, must be accepted as a verity that there was causal negligence on the part of each in not keeping a proper lookout, in that respect the negligence of each was of the same kind and character. But, as in addition thereto there was also the causal negli-

gence found by the jury on the part of the plaintiff by stepping in front of the moving truck, his total causal negligence in the two respects was at least equal to Studzinski's negligence in but the one respect of not keeping a lookout; and therefore the court should have so held as a matter of law. *Zenner v. Chicago, St. P., M. & O. R. Co.* 219 Wis. 124, 262 N. W. 581; *Kilcoyne v. Trausch,* 222 Wis. 528, 269 N. W. 276; *Grasser v. Anderson,* 224 Wis. 654, 273 N. W. 63. As that defeats plaintiff's right to recover herein, it is not necessary to review the court's ruling that Barney Studzinski was liable for his son's negligence.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

The following opinion was filed January 10, 1939:

FRITZ, J. (*on motion for rehearing*). Upon his motion for a rehearing, the plaintiff contends that the driver's failure to give any warning by sounding his horn or otherwise before starting the truck constituted an additional element of causal negligence on his part, which should be taken into consideration in determining the comparative negligence of the parties. This is correct if there was causal negligence in that respect. Whether there was such negligence is in dispute under the evidence, but the resulting issues were neither submitted to the jury nor expressly passed upon by the court. Under the circumstances the issues as to comparative negligence cannot fairly be disposed of upon only the causal negligence found by the jury. Consequently, there should be an opportunity, in the interests of justice, to have the jury determine the issues in respect to the driver's alleged failure to give an adequate warning, and thereupon determine the issue as to comparative negligence. To that end the mandate is modified by providing that the cause be

remanded with directions to grant a new trial upon all issues, in lieu of the dismissal of the complaint upon the present record. Neither of the parties shall have costs on the motion for rehearing.

A motion for a rehearing was denied, with $25 costs, on March 7, 1939.